FILED

NOT FOR PUBLICATION

FEB 26 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL TURNER,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>CHRISTOPHER CRAIG; J. TURNER; P. PHAN, Oakland Police Officers, individually & in their capacities as employees of the City of Oakland; CITY OF OAKLAND,<br><br>               Defendants - Appellees. | No. 11-16748<br><br>D.C. No. 3:09-cv-03652-SI<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 11, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Michael Turner ("Plaintiff") appeals the district court's dismissal and entry

of summary judgment in his 42 U.S.C. § 1983 action alleging violations of his First

_____

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and Fourth Amendment rights along with related state law claims for false arrest and intentional infliction of emotional distress, all arising out of an arrest for suspected possession of hashish oil. Turner brought the action against the arresting police officers for their actions, and against the City of Oakland under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), for failing to train the officers.

The district court did not err in dismissing Plaintiff's claim for violation of his First Amendment rights. There was no showing of any government action with the purpose of suppressing his religious conduct. *See Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 533–34 (1993). The police officers acted upon the reasonable suspicion that the oil found in the glove compartment of the car was hashish oil.

The district court also did not err in dismissing Plaintiff's claim for violation of his Fourth Amendment rights with regard to his initial arrest. The driver of the car possessed marijuana and marijuana seeds, and the contents of the vial of oil that Plaintiff possessed resembled a picture of hashish oil contained in the police officers' drug identification guide. A law enforcement officer needs only a reasonable belief that a parolee has violated the terms of his parole in order to effectuate an arrest. *See United States v. Rabb*, 752 F.3d 1320, 1324 (9th Cir. 1984), *abrogated on other grounds by Bourjaily v. United States*, 483 U.S. 171,

2

181 (1987). The officers in this case had such a reasonable basis for the arrest. The state law claims for false arrest and intentional infliction of emotional distress fail for similar reasons.

The district court entered summary judgment in favor of the defendants on Plaintiff's claim that his confinement on a parole hold, which was imposed on the basis of information that the police officers reported to the Board of Parole, violated his Fourth Amendment rights. The district court described the underlying facts as troublesome in light of the length of the detention and Plaintiff's loss of property, but correctly ruled that the police officers were entitled to qualified immunity. The police officers made a mistake, but on the basis of a reasonable belief. That is the requisite standard, and such a standard is not a high one. *See Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003).

Plaintiff has not alleged deliberately indifferent training procedures sufficient to establish a claim against the City of Oakland under *Monell*. *See Moss v. Secret Serv.*, 675 F.3d 1213, 1231 (9th Cir. 2012). The claim against the City was therefore properly dismissed.

**AFFIRMED**.